UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOMEZ BASURTO, et al.,

        Plaintiffs,

-against-

TSG 89 CORP., et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2019

18-CV-6827 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated September 11, 2019 (Dkt. No. 38), seeking approval of their proposed settlement agreement and release (Agreement) (Dkt. No. 38-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants TGS 89 Corp. d/b/a Midnight Express Dinner (Midnight Express), Theodore Santis, George Santis, and Ari Santis (mistakenly sued as "Alex Santis" and "Ari Doe"),[1] to pay $25,000 to settle this action, in two equal installments, 30 days apart. Ag. ¶¶ 1(a)-(b). Of that sum, $8,250 (33% of the gross settlement amount) will go to plaintiffs' attorneys for their fees and costs. *Id*. ¶¶ 1(a)(i), 1(b)(i). The remaining sum of $16,750.00 will go to plaintiffs Jose Luis Gomez Basurto, Rodel Leonel Ovalle Perez, Dinael Gonzalo Sirin Colo, and Edgar Eduardo Monterroso Lopez in full settlement of their Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. *Id*. ¶¶ 1a(ii)-(iv), 1b(ii)-(iv). Each plaintiff will receive a total of $4,187.50. *Id*.

    When the Court has approved the Agreement and the first payment check has "cleared Plaintiffs' counsel's escrow account," plaintiffs' counsel is required to "file with the Court a

---

[1] The Complaint lists both "Alex Santis" and "Ari Doe" as defendants. The first paragraph of the Agreement explains that both are mistaken attempts to identify Ari Santis, who is a signatory to the Agreement.

stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exibit B to the Settlement." Ag. ¶ 1(c). However, there is no Exhibit B.

Defendants have jointly executed an affidavit of confession of judgment, in the amount of $25,000, to be held in escrow by plaintiffs' counsel and enforced only if defendants default on their settlement obligations. Ag. ¶¶ 1, 1(d), 1(e); *id*. Ex. A (ECF pages 7-8).

The Agreement includes bilateral releases limited to the claims alleged in this action. Plaintiffs release defendants, together with their "heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers," from any and all claims, known or unknown, "relating specifically to the claims in this Litigation that have occurred as of the Effective Date of this Agreement." Ag. ¶ 2. Defendants release plaintiffs from any and all "known" claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *Id*. However, the term "Effective Date" is not defined anywhere in the Agreement. As a matter of law, an agreement to settle FLSA claims cannot be effective until it has been approved by the court or the Department of Labor. *Cheeks*, 796 F.3d at 200. *See also* Ag. ¶ 1(a) (checks representing the first payment installment are to be delivered to plaintiff's counsel "and dated thirty (30) days after the Court approves this Settlement"). I therefore construe the term "Effective Date" to mean the date upon which the Agreement is so approved.

There is no confidentiality clause or other limitation upon the plaintiff's ability to discuss their employment experiences, this lawsuit, or the settlement.

The parties consent to the "personal jurisdiction" of both this Court and the Supreme Court of the State of New York "in any subsequent proceeding to enforce this Agreement." Ag. ¶ 7. However, they do not request that this Court retain jurisdiction for that (or any other) purpose.

In ¶ 8 of the Agreement, the parties stipulate that if "any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect," but that such holding "shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement."

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed attorney's fee award is also fair. Plaintiffs' attorneys will receive $8,250 in fees and costs, of which $400 will reimburse them for the filing fee, leaving $7,850 for their attorneys' fee award. That sum represents approximately 31.9% of the net settlement payment of $24,600 (gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). I have also reviewed counsel's time records, which show a lodestar of $2,805. These records do not call into question the reasonableness of the requested fee award.

Accordingly, the Agreement is APPROVED and this action is DISMISSED without prejudice. The parties are directed to file a stipulation of dismissal with prejudice no later than one week (five business days) after the first payment check has cleared Plaintiffs' counsel's escrow account, or explain in writing why they cannot. *See* Ag. ¶ 1(c). If no stipulation (or alternative explanation) is received on or before **November 15, 2019**, the Court will dismiss this action with prejudice.

Dated: New York, New York
        October 7, 2019

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**